The Corn Exchange Bank, Appellant, v. F. B. Schuttleworth and J. A. Frank.

Negotiable Paper: INDORSEMENT: *Evidence—court and jury.* The payee of a note was indebted to plaintiff bank, and it was the custom of the bank to return and exchange collaterals. Payee sent plaintiff the note in suit, to be used as collateral. This note was lost and payee sent a copy of it, also another note indorsed as collateral. Plaintiff acknowledged the receipt of the collateral last sent, but stated that it could not find the note in suit, and said nothing about the copy sent. *Held,* it was a jury question whether plaintiff accepted the copy as collateral; and as to whether it was thus received and accepted, the burden was on plaintiff.

Presumptions. The rule of real property that a deed made for the benefit of a grantee will be presumed to have been accepted, does not apply to the indorsement of negotiable paper, and an

indorsement of such paper does not pass title without delivery and acceptance.

**Instructions:** CONSTRUCTION. An instruction that upon loss of the original note, the vital question is whether a copy of the note sued on was received by plaintiff and accepted by it to be held as collateral security, is not erroneous on the ground that it requires that plaintiff shall have received and accepted some tangible thing in order to hold the note as collateral, where there is no evidence of acceptance, except in connection with the copy.

**Pleading:** CONSTRUCTION: *Surprise.* Defendant denied that plaintiff was the holder or indorser of a note sued upon. After part of the testimony was in, defendant amended by stating, at length, the facts relied on, to show that the note sued on had never been assigned or delivered to plaintiff; that the alleged indorsement was in the hands of a receiver; that one of the defendants was a creditor of the bank and entitled to settle and adjust his liability on said note with the receiver. Plaintiff replied, more evidence was taken, and *then* plaintiff moved a continuance on the grounds of being surprised by said amended pleading. *Held,* No new issue was therein tendered, and the motion was rightly overruled.

**Opinion Evidence:** INCOMPETENCY. In an action on a note which plaintiff alleged was indorsed to it as collateral by a bank for which a receiver was afterwards appointed, in which defendant claimed that plaintiff was not the owner of the note, it was not error to exclude evidence of the receiver, as to whose property he had considered the note.

**Appeal:** EXCEPTION TO RULING. The overruling of plaintiff's motion for a continuance upon the ground that new issues were joined by the amendment to the answer, which took it by surprise, and which it was unable to meet it at the time, is not available, on appeal, in the absence of an exception.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, OCTOBER 24, 1896.

ACTION at law upon a promissory note for five hundred and forty-three dollars and twenty cents, executed February 27, 1893, by the defendants to the Cass County Bank or order, due in one year, which plaintiff alleges was assigned to it by the payee, for

value, before maturity. The defendants answered, denying generally each and every allegation contained in the petition, and denying specifically that they ever made any such note as that set out; denying that the plaintiff was the holder of any such note, and denying that the Cass County Bank ever indorsed any such note to the plaintiff as collateral security, or for any other purpose. The case proceeded to trial to a jury, and a verdict and judgment were rendered in favor of the defendants. Plaintiff appeals.— *Affirmed.*

*Phelps & Temple* for appellant.

*De Lano & Meredith* for appellees.

GIVEN, J.—I. Appellant's first complaint is that the court erred in overruling its motion for a continuance. It appears that after part of the testimony on behalf of the plaintiff was introduced, the defendants filed an amendment to their answer, stating at length the facts relied upon to show that the notes sued upon had never been assigned and delivered to the plaintiff, as collateral security or otherwise, by the Cass County Bank, and alleging that the bank was insolvent, was in the hands of a receiver, was indebted to the defendant, John A. Frank, and that defendants were entitled to have their liability on the note sued upon, settled and adjusted with the receiver. The plaintiff, in reply to defendant's answer and amendment, admitted that defendant Frank was a creditor of the Cass County Bank, and alleged that he had assigned his claim against said bank to one Hesselgrave, who had commenced an action thereon. The plaintiff denied every other allegation in said answer and amendment. Plaintiff continued to introduce testimony after the filing of this amendment,

and did not file its motion for a continuance until after all its testimony had been introduced, except a certain exhibit, which was rejected upon defendants' objection. Plaintiff's motion for a continuance was upon the ground that new issues were joined by said amendment to the answer, which took plaintiff by surprise, and which it was unable to meet at that time; that the testimony of its officers, who were non-residents of the state, was necessary to meet said issues,—setting forth the facts that could be proven by them. Defendants objected to said motion on the ground that there was no new issue joined, that the plaintiff had proceeded with the introduction of testimony after the filing of said amendment before filing this motion, and that the motion shows that the plaintiff was not diligent. The motion being submitted, the court inquired of counsel for defendants as follows: "I understand Mr. DeLano to only claim that there should be tried in this case the question whether this note was accepted by the Corn Exchange Bank as collateral security. Is not that true, Mr. De Lano? Mr. De Lano: Yes, sir. Court: I think this motion will have to be overruled, under the circumstances." It is not shown in the record, that any exception was taken to this ruling, and for this reason alone, we will not disturb the judgment because of this ruling. We are of the opinion, however, that no new issue was tendered by the amendment to the answer, and therefore, there was no error in overruling the motion for continuance. The allegation, that Frank was a creditor of the Cass County Bank, and entitled to an adjustment with the receiver, was simply the statement of a reason why he contested the plaintiff's right to recover, and not of a fact that would defeat recovery. The reply admits that he was a creditor of the Cass County Bank, and it follows that, if plaintiff was not entitled to recover on

this note, the defendant, Frank, was entitled to an adjustment of his liability with the receiver.

II. Appellant contends, "that the court. erred in not allowing the receiver of the Cass County Bank to testify as to whose property he had considered the note in suit, and as to the representations made to him by the cashier of that bank." The argument is that, as the court narrowed the issue to the single question of the ownership of the note, any evidence admissible against the bank was admissible against the defendants. Let that be conceded, yet this evidence was clearly inadmissible, as it simply called for the opinion of the witness upon the issue to be tried. Representations made to him by the cashier, in the absence of these parties, would not be binding upon them. There was no error in the ruling.

III. The question remaining to be considered will be better understood by stating the facts which are undisputed. The Cass County Bank was largely indebted to the plaintiff, for which the plaintiff held collaterals. It was the custom of the plaintiff to return and exchange collaterals with the Cass County Bank. On February 27, 1893, the defendants made two promissory notes to the Cass County Bank,—one for five hundred and twenty-four dollars and forty cents, due in six months, and the other (the one in suit) for five hundred and forty-three dollars and twenty-cents, due in one year. The Cass County Bank assigned and delivered, and the plaintiff accepted, said five hundred and twenty-four dollars and forty cents note as collateral; and, about the time of its maturity, defendant Frank called at the Cass County Bank to pay the same, whereupon that bank set about to secure a return of that note. The transaction in question is fully shown by the following correspondence between the cashiers of these two banks:

"Atlantic, Iowa, Oct. 4, 1893. Frank W. Smith, Cashier, Chicago, Ill.—Dear Sir: In regard to the message that I sent you regarding note: September 30 I wrote you, inclosing our bills rec. No. 29,629, F. P. Schottmott, $543.20, indorsed over to you as collateral, and requested you to take same in place of No. 29,628, same signers, $524.40 to be ret. to us, or, if you did not wish to make exchange, to chg. the note of $524.40 to our ac., indorse the amt. on our note, and return to us, and also to retain the $543.20 one as collateral. This letter I handed to our mail clerk to inclose in packages of cy. sent that evening. He says he so inclosed it. As there was another letter of advice with the cy., perhaps the one with the note was overlooked, and went into the waste basket. Please send us the one you hold (No. 29,628; $524.40), and we will either send other collateral, or can chg. ac. Yours truly, A. W. Dickerson, Cashier."

"October 5, 1893. A. W. Dickerson, Cashier Cass Co. Bk., Atlantic, Iowa—Dear Sir: Inclosed find your No. 29,628, for $524.40. We cannot find that we have letter from you of Sept. 30, with new note, $543.20. You mention to replace this. We also find considerable of your notes here past, and it seems to us the amount should have been sent here as they were paid, being our collateral. Mr. Hamill also requests me to call your attention to letter he wrote you some days ago, to which he had no reply. Please send new paper for one inclosed herein. Very respectfully, Frank W. Smith, Cashier,"

"Atlantic, Iowa, Oct. 9, 1893. Frank W. Smith, Cashier—Dear Sir: I have your favor of the 5th; inclosure as stated, our No, 29,628, $524.40. I inclose you No. 29,922, Samuel and Ellen Howlett, $500, which please ent. as coll. I also inclose you a copy of the note that was inclosed you, dated Sept. 30. The letter was inclosed in package containing the $1,000 cy. sent

the same day. As there was also a letter of advice of rem. of the cy. in the express envelope perhaps letter containing the note was left in and package sent to waste basket. The note was indorsed over to you as coll. security. The notes that you hold as coll. that are past due, we have not collected and have not renewed, telling the parties that we wished the money as soon as they raised it. Some of them, I presume, we had best renew up. We will send in other notes to take their place, if satisfactory, and renew them. In regard to letter of Mr. Hamills, Mr. Yetzer has been waiting before answering to see if we could not raise you some money, which he has hopes of doing. Will write in a day or so. Respectfully, A. W. Dickerson, Cashier."

"October 12, 1893. Cass County Bank, Atlantic, Iowa—Gentlemen: We have your note of 9th, with note Samuel Howlett, $500, your No. 29,922, to replace your No. 29,628, $524.40, recently sent and due us, as collateral. The other note we cannot find. Our teller says he did not see it in currency package, and waste paper is burned, and we cannot trace it. Very respectfully, Frank W. Smith."

IV. The court instructed as follows: "Now, to invest plaintiff with the title to said note, so that it can recover thereon against the defendants, it must appear that the same was delivered to it to be held as collateral security. To constitute such delivery to it, it must have been offered to it to be held as such security, and accepted by it. It is not necessary, however, to show that plaintiff received and accepted the original note. If the original note was lost or destroyed, a copy thereof might be substituted in its place, provided such copy was delivered and accepted as collateral in place of the original. And the vital question to be decided by you in this case is, was the copy of said note for five hundred and

forty-three dollars and twenty cents received by plaintiff, and accepted by it, to be held by it as collateral security? If this is shown, then plaintiff will be entitled to recover, otherwise not; and the burden rests with the plaintiff to show that it did receive and accept such copy, to be held by it as collateral security, by a preponderance of the evidence. Whether said copy was thus received and accepted by it with the intention of holding the same as collateral security, in accordance with the offer thus made in the letter of October 4th, is a question of fact to be decided by you from all the evidence bearing thereon." Appellant views these instructions as holding that the destruction of the note destroyed the indebtedness, and that until a copy, or some other tangible thing, was substituted for the note, it, and also the indebtedness it represented, were out of existence, and that the plaintiff must have received and accepted some tangible thing, in order to hold the note as collateral. Appellant insists, and correctly so, that such is not the law. The contention in this case is not whether the Cass County Bank offered the note as collateral, but whether the plaintiff ever accepted it. If plaintiff accepted it, the loss of the note cannot defeat its right to recover thereon. The correspondence shows beyond question that plaintiff never received this note, did not know of the offer of it, and had done nothing in the way of accepting it until after the note was lost. The Cass County Bank, being informed in the letter of October 5, that the note had not been received, sent a copy October 9. Up to this time there clearly was no acceptance, and whatever was done thereafter that indicates an acceptance, was in connection with the copy as representing the indebtedness. There is no evidence of acceptance, except in connection with this copy, and the sole question was, as stated by the court in the last paragraph of the instruction quoted above. The instructions,

taken together, in the light of the facts, do not admit of the construction placed upon them by the appellant, and contain no error prejudicial to the appellant.

V. Appellant further contends that, as this note was indorsed and assigned to the plaintiff by the Cass County Bank with the intention of passing title thereto for the benefit of the plaintiff, the law will presume an acceptance by the plaintiff. Appellant asked an instruction to this effect, which was refused, and this refusal is assigned as error. A number of cases are cited wherein the rule contended for was applied to the delivery and acceptance of deeds of conveyance, but no case is cited, nor do we find any, that applies this rule to the transfer of commercial paper. The rule as to commercial paper is well stated in Tiedeman, Commercial Paper, section 256, as follows: "An indorsement does not pass title until the indorsed instrument has been delivered, and, therefore, when a negotiable instrument is said to have been indorsed to another, it is understood unless it is expressly limited in meaning, that it has, been delivered to that person, and for a valuable consideration. Acceptance by the indorsee is also necessary to a complete transfer of the title. And if the indorsee declines to accept, and returns the paper, there is no need for any re-indorsement back to the indorser, for the title does not pass out of the indorser, by virtue of the indorsement, until the paper has been. delivered to and accepted by the indorsee. The indorsee could not afterwards, merely by getting possession of the paper, acquire any title to it on account of the indorsement." We think there was no error in refusing the instruction asked.

VI. Appellant's last contention is that the verdict is contrary to the evidence and to the law. The jury was warranted in finding, under the evidence, that the note of Samuel and Ellen Howlett, sent to

the plaintiff October 9, 1893, was sent, not as additional to the collaterals then held by the plaintiff, but to take the place of the lost note; and it was clearly as such that the plaintiff accepted the Howlett note, as shown by the letter of October 12. It seems to us quite clear that there is an entire absence of evidence showing that the plaintiff ever accepted the lost note, or that the Cass County Bank ever understood it to be accepted. Therefore, we think the verdict is supported by the evidence, and is in harmony with the law.—AFFIRMED.